UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| HARINDER PALTA and ASHA PALTA, on their own behalf and as guardians of their adult son, Rahul Palta, and RAHUL PALTA, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:18-CV-815-JD-MGG |
| MARSHALL COUNTY INDIANA SHERIFF'S DEPARTMENT, INDIANA STATE POLICE, JONATHAN BRYANT, NICK LAFFOON, JOE GIORDANO, ANTHONY BRAGG, and JIM STRONG, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiffs bring suit against the Indiana State Police and Jim Strong (State Defendants) and the Marshall County Indiana Sheriff's Department, Jonathan Bryant, Nick Laffoon, Joe Giordano, and Anthony Bragg (Marshall County Defendants) based on the motor vehicle stop and arrest of Rahul Palta on September 14, 2017. Plaintiffs' amended complaint alleges federal constitutional claims of race discrimination and excessive force, state law claims of assault and battery, state law respondeat superior, and *Monell* liability. The State Defendants filed a motion to dismiss all claims. The Marshall County Defendants filed a partial motion to dismiss, seeking dismissal of all claims except for the § 1983 Fourth Amendment excessive force claim against the individual county officers in Count III. Both motions are brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The Court grants in part and denies in part both motions, denying dismissal of the Fourth Amendment excessive force claim brought under 42 U.S.C. § 1983 in Count III against State Trooper Jim Strong and denying dismissal of the respondeat superior claim against the Marshall County Sheriff's Department in Count V.

## I. FACTUAL BACKGROUND

The following facts are taken from the allegations of the amended complaint. Defendant Jim Strong is an employee and officer of the Indiana State Police. *Id.* ¶ 13. Defendants Jonathan Bryant, Nick Laffoon, Joe Giordano, and Anthony Bragg are employees and merit officers of the Marshall County Sheriff's Department. *Id.* ¶ 9–12. Collectively, the officers are referred to throughout the amended complaint as "Defendants," "above captioned officers," "above referenced police officers," "Defendant officers," or "officers."

Harinder Palta and Asha Palta are the parents and legal guardians of their adult son, Rahul Palta. Am. Compl. ¶¶ 4–5, ECF No. 35. Rahul Palta has a documented history of mental illness. *Id.* ¶ 16. His diagnoses and symptoms have included depression, paranoid thoughts, hallucinations, paranoid delusions, auditory hallucinations, disorganized thoughts, inappropriate thought processes, and bizarre agitation. *Id.* Rahul Palta was "incapacitated due to mental illness on September 14, 2017, [and] has been so situated until present day." *Id.* ¶ 17. On September 14, 2017, Rahul Palta was living at his parents' home. *Id.* ¶ 18. Rahul Palta is of South Asian descent. *Id.* ¶ 15.

On September 14, 2017, Rahul Palta became agitated due to the televised reporting of hurricanes Irma and Harvey. *Id.* ¶ 19. In an agitated state, he left his parents' home in Carmel, Indiana, driving north in his vehicle on U.S. Highway 31 to U.S. Highway 30 in Marshall County, Indiana. *Id.* ¶¶ 20–21. He was purportedly driving in excess of 70 mph exclusively in the left lane. *Id.* ¶ 22. Police stopped his vehicle using a "rolling roadblock" technique. *Id.* ¶ 23.

Once the vehicle was stopped, "Defendants pulled Rahul from the car and, without cause, threw him on the ground, beat and 'tazered' him, causing bodily injury." *Id*. ¶ 24. Plaintiffs allege that all the Defendants acted intentionally, maliciously, and with callous disregard for the rights guaranteed Rahul Palta by state and federal law. *Id*. ¶ 25. Rahul Palta alleges that these actions exacerbated his mental health and that his parents have incurred additional expenses due to his deteriorated mental health. *Id*. ¶ 26.

On October 4, 2018, Plaintiffs filed this suit pursuant to 42 U.S.C. § 1983 against the Marshall County Defendants and the State Defendants. Plaintiffs subsequently filed an amended complaint, asserting claims of (1) race discrimination pursuant to 42 U.S.C. § 1981 and pursuant to 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments (Count I); (2) a substantive due process violation based on race discrimination and excessive force pursuant to 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments (Count II); (3) excessive force pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments (Count III); (4) assault and battery under Indiana state law (Count IV); (5) respondeat superior/vicarious liability under Indiana state law (Count V); and (6) and *Monell* liability against the Marshall County Sheriff's Department and the Indiana State Police for the federal constitutional violations (Count VI).

The State Defendants and the Marshall County Defendants each filed a motion to dismiss. Plaintiffs filed a consolidated response to both motions, and each set of Defendants filed a separate reply brief. The motions are ripe for ruling.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiffs, accepts the factual allegations as true, and draws all

reasonable inferences in the plaintiffs' favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

Plaintiffs allege that Rahul Palta's rights were violated during the September 14, 2017 traffic stop when the officers "pulled [him] from the car" and then, without cause, "threw him on the ground, beat and 'tazered' him, causing bodily injury." Am. Compl. ¶ 24. In their motions brought under Rule 12(b)(6), Defendants assert various bases for dismissal of the amended complaint, except that the Marshall County Defendants do not seek dismissal of the claim in Count III for excessive force by the individual county officers in violation of the Fourth Amendment. Plaintiffs' response brief does not address most of the arguments raised by Defendants, as noted throughout this opinion where applicable. The longstanding "rule that a person waives an argument by failing to make it before the district court" applies "where a party fails to develop arguments related to a discrete issue" and "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Alioto v. Town of*

*Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). The Court considers the arguments raised in the motions to dismiss in turn.

**A.      Indiana State Police and Trooper Jim Strong in his Official Capacity**

**1.      Federal Claims—42 U.S.C. § 1981 and 42 U.S.C. § 1983 (Counts I, II, III, VI)**

As an initial matter, Plaintiffs bring their claim of race discrimination in Count I under both 42 U.S.C. § 1981 and 42 U.S.C. § 1983. However, Section 1981 does not provide a cause of action against state actors, and "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors." *Campbell v. Forest Preserve Dist. of Cook Cty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014). Thus, Plaintiffs' § 1981 claim must be analyzed through § 1983.

The Indiana State Police seeks dismissal of Plaintiffs' constitutional claims brought under § 1983 in Counts I, II, III, and VI on the basis that the Indiana State Police is not a "person" within the meaning of § 1983. Section 1983 provides a cause of action against a "person" who violates a plaintiff's rights, but the Supreme Court has held that states and their agencies do not qualify as "persons" in this context. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017). The Indiana State Police is an agency of the State of Indiana. *See Endres v. Ind. State Police*, 349 F.3d 922, 927 (7th Cir. 2003) ("The Indiana State Police, as a unit of state government, is not a 'person' as § 1983 uses that term and therefore is not amenable to a suit for damages under that statute."). Therefore, the Indiana State Police cannot be sued for money damages under § 1983, and the § 1983 claims are dismissed with prejudice. In addition, any official capacity claims against Trooper Strong under § 1983 are likewise dismissed with prejudice because state officials acting in their official capacities are not "persons" who can be sued for money damages under § 1983. *See Will*, 491 U.S. at 71; *Endres*, 349 F.3d at 927.

In their response brief, Plaintiffs argue that, under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), claims for prospective injunctive relief for violations of federal law against state actors in their official capacities are not barred and that Plaintiffs have asserted a valid claim for injunctive relief in the amended complaint. The prayer for relief asks for a judgment against Defendants "[f]inding that Defendants, and each of them, committed acts that constituted violations of the Fourth, Fifth, and Fourteen Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983" and "[f]or an order mandating procedural changes and additional training for the Department regarding the proper method to apprehend suspects." Am. Compl. 14.

The *Ex parte Young* doctrine 'allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law.'" *Council 31 of the Am. Fed'n of State, Cty., & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012) (quoting *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *see also McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043, 1051 (7th Cir. 2013). And, when the relief sought "is tantamount to an award of damages for a past violation of federal law, even though styled as something else," such a claim is impermissible. *Papasan v. Allain*, 478 U.S. 265, 278 (1986).

First, the doctrine of *Ex parte Young* has "no application in suits against the States and their agencies, which are barred regardless of the relief sought[.]" *Puerto Rico Aqueduct &*

*Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citing *Cory v. White*, 457 U.S. 85, 89 (1982)). Thus, dismissal of the § 1983 claims against the Indiana State Police is proper.

Second, as argued by the State Defendants, notwithstanding their request for injunctive relief, Plaintiffs have not alleged an "ongoing violation of federal law." Plaintiffs themselves recognize that, to avoid the Eleventh Amendment bar to suit against Trooper Strong in his official capacity, they must allege an ongoing violation of federal law. A straightforward inquiry into the allegations of the amended complaint demonstrates that Plaintiffs are only challenging the force used by the officers during Rahul Palta's September 14, 2017 arrest. *See, e.g.*, *McDonough Assocs.*, 722 F.3d at 1051. In their response brief, Plaintiffs argue that, to their "knowledge, [the State Actors] continue to make detentions and use force pursuant to the same guidelines that were in existence at the time of Rahul Palta's arrest, and that the same violations of due process will occur." Mem. in Supp. of Pls.' Opp'n to the Defs.' Mots. to Dismiss, 8–9, ECF No. 56. But Plaintiffs cannot amend their complaint in their brief in response to the motions to dismiss. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Plaintiffs' amended complaint does not allege that they are suffering from an ongoing deprivation of federal law or that they are in danger of sustaining a direct injury.

Thus, the *Ex parte Young* doctrine is inapplicable. The Court grants the motion to dismiss the claims for money damages in Counts I, II, III, and VI against the Indiana State Police and against Trooper Jim Strong in his official capacity and dismisses the claims with prejudice. To the extent that Plaintiffs allege a claim for injunctive relief, the Court dismisses the claim without prejudice.

### 2. State Law Claims—Counts IV and V

The Indiana State Police argue that the Eleventh Amendment bars Plaintiffs' pendant state law claims against it and Trooper Strong in his official capacity brought in federal court. Plaintiffs do not respond to this argument. Indeed, the Supreme Court has held that the Eleventh Amendment bars federal courts from awarding relief, under state law, against a state or its agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 103–07 (1984) (reasoning that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law"); *see also Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2017) ("State agencies are treated the same as states for purposes of the Eleventh Amendment."); *Jones v. Indiana*, 533 F. App'x 672, 673 (7th Cir. 2013). Accordingly, the Court grants the motion and dismisses without prejudice the pendant state law claims brought in Counts IV and V against the Indiana State Police and Trooper Jim Strong in his official capacity.

### B. Trooper Jim Strong

Trooper Jim Strong argues that Plaintiffs have failed to state a claim against him in his individual capacity on both the § 1983 claims and the Indiana state law tort claims.

### 1. Federal Claims—42 U.S.C. § 1981 and 42 U.S.C. § 1983 (Counts I and III)

As to the § 1983 claims, including any claim under § 1981, Trooper Strong argues that the amended complaint does not allege that he was personally involved in the alleged constitutional violations brought in Counts I and III for race discrimination and excessive force.[1] "Individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 834 (7th Cir. 2010) (quoting *Palmer v. Marion*

---

[1] The substantive due process claim in Count II is dismissed against all defendants, as explained in Part C.2 below.

*Cty.*, 327 F.3d 588, 594 (7th Cir. 2003)). "[A] plaintiff must plead that each Government-official defendant through the official's own individual actions, has violated the Constitution." *Iqbal*, 566 U.S at 676.

Trooper Strong notes that he is identified by name only three times in the amended complaint, with the first time in the introduction. Am. Compl. p. 2. The second time is in the "Parties" section when he is identified as an employee and officer of the Indiana State Police. *Id.* ¶ 13. And, the third time is the allegation in the "Parties" section that "Defendants Jonathan Bryan, Nick Laffoon, Joe Giordano, Anthony Bragg and Jim Strong are collectively referred to as 'above captioned officers.'" *Id.* ¶ 14. Trooper Strong then argues that there are no allegations naming him as participating in the alleged constitutional violations.

Nevertheless, the amended complaint groups all of the named officer defendants together in the use of force allegations: "Upon stopping Rahul Palta's car, the Defendants pulled Rahul from the car and without cause, threw him on the ground, beat and 'tazered' him, causing him bodily injury."; "The Defendant officers who did not physically participate in the attack on Rahul Palta nonetheless acted in violation of the Plaintiffs['] Fourth Amendment rights through their deliberate indifference to the excessive force." *Id.* ¶¶ 24, 52.

Although group pleading is not ideal, it is not prohibited at the dismissal stage. *See Sibley v. Dart*, No. 17-CV-6298, 2019 WL 670270, at *4 (N.D. Ill. Feb. 19, 2019) (permitting "group pleading" against 21 individual defendants based on their conduct following an evacuation in a prison, finding that the general allegations that the defendants forced the plaintiff and others into a smoke-filled tier were not robust but were sufficient because the plaintiff alleged that each defendant participated in the conduct); *Karney v. City of Naperville*, No. 15 C 4608, 2016 WL 6082354, at *6 (N.D. Ill. Oct. 18, 2016) (denying a motion to dismiss based on group pleading

when only two police officer defendants were alleged to have participated in the alleged constitutional violation (citing *Gonzalez v. Babasa*, No. 02 C 6857, 2003 WL 21196245, at *2 (N.D. Ill. May 19, 2003))); *Vandenburgh v. Bannockburn Police Officer Robert Ogden*, No. 15 C 6191, 2016 WL 403663, at *5 (N.D. Ill. Feb. 3, 2016) ("While VanDenburgh will ultimately have to demonstrate that each individual Defendant Officer was personally responsible for her injuries, she is not required to do so at the pleading stage without discovery." (citing *Kuri v. City of Chicago*, No. 13 C 1653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014); *Hyung Seok Koh v. Graf*, No. 11-CV-2605, 2013 WL 5348326, at *5 (N.D. Ill. Sept. 24, 2013))); *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2014 WL 5801181, at *3 (N.D. Ill. Nov. 7, 2014).

This is not a situation in which a plaintiff has alleged that a group of officers engaged in a constitutional violation without naming the specific officers involved. *See, e.g.*, *Hallows v. Madison Cty. Jail*, No. 18-CV-881, 2018 WL 2118082, *3 (S.D. Ill. May 8, 2018) (finding that "Medical Staff" labeled as "Unknown Party" was not a "person" subject to suit under § 1983); *Liera v. City of Chicago*, No. 13 C 9032, 2014 WL 3921359, at *3 (N.D. Ill. Aug. 5, 2014). Plaintiffs have not yet had the benefit of discovery "to connect every single alleged instance of misconduct in the complaint to every single specific officer." *Sibley*, 2019 WL 670270, at *4 (quoting *Hyung Seok Koh*, 2013 WL 5348326, at *4); *see also Karney*, 2016 WL 6082354, at *7 (quoting *Gonzalez*, 2003 WL 21196245, at *2).

Although Plaintiffs do not respond to this argument that they have not alleged Trooper Strong's personal involvement, pleading group conduct in combination with specifically naming the involved officers is permissible at this stage of the litigation. Notably, Trooper Strong does not argue that pleading group conduct is impermissible or that he has not been given fair notice of the wrongful conduct in which he allegedly engaged.

However, just because group pleading is permissible does not mean that Plaintiffs have stated a claim against Trooper Strong for violations of their constitutional rights. Thus, the Court considers the allegations of each constitutional violation brought against Trooper Strong. As to the Fourth Amendment excessive force claim, Trooper Strong does not argue that Plaintiffs have failed to state a claim of excessive force under the Fourth Amendment in relation to the traffic stop. Therefore, the Court denies the motion to dismiss Count III brought against Trooper Strong for a Fourth Amendment excessive force violation. In contrast, Trooper Strong argues in the motion to dismiss that Plaintiffs have failed to state a claim of race discrimination. The Court addresses Trooper Strong's argument along with the same argument raised by the Marshall County Defendants in Parts C1–2 below. Based on that analysis, the Court finds that Plaintiffs have failed to state a claim of race discrimination, and the Court grants the motion, dismissing without prejudice the race discrimination claim in Count I against Trooper Jim Strong.

## 2. State Law Assault and Battery (Count IV)

As to the Indiana state law tort claims of assault and battery in Count IV, Trooper Strong argues that he is entitled to immunity under the Indiana Tort Claims Act (ITCA) because Plaintiffs allege that he was acting within the scope of his employment. The Court notes that Marshall County Sheriff deputies Jonathan Bryant, Nick Laffoon, Joe Giordano, and Anthony Bragg assert the same argument in their motion to dismiss, addressed in Part C.3.a below. Plaintiffs do not respond to this argument.[2]

Indiana Code § 34-13-3-5(b) provides that "a lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the

_____

[2] Although Plaintiffs' response brief contains a section titled "Plaintiff's[sic] claims are not barred by the Indiana Tort Claims Act," that section addresses only the Marshall County Defendants' argument that the Plaintiffs did not timely file a tort claims notice. Plaintiffs do not address Trooper Strong's immunity argument under § 34-13-3-5(b).

employee personally." Ind. Code § 34-13-3-5(b); *see Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) (citing *Julian v. Hanna*, 732 F.3d 842, 848–49 (7th Cir. 2013)). The Indiana Supreme Court has construed this provision as meaning that "a plaintiff may not now sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of employment." *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003). "[S]cope of employment" is defined as "conduct of the same general nature as that authorized, or incidental to the conduct authorized." *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000). "Even tortious acts may fall within the scope of employment." *Id.*

As to Trooper Strong, the amended complaint alleges: "Defendant, Jim Strong, is an employee and officer of the Indiana State Police, and was so situated at the time of the acts complained of herein," and Trooper Strong's "actions were performed within the course and scope of [his] employment with the . . . Indiana State Police Department." Am. Compl. ¶¶ 13, 61. These allegations bring Trooper Strong within the immunity provided by the ITCA.

As acknowledged by Trooper Strong, a suit may be brought against an individual employee if the complaint alleges torts that are "(1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Ind. Code § 34-13-3-5(c). However, the amended complaint in this case alleges nothing more than the bare assertion that the officers acted "intentionally, maliciously, and with callous disregard" for Rahul Palta's rights; no facts are offered to support any such claim. Am. Compl, ¶ 25. In this instance, the controlling allegations are that the officers were acting within the scope of their employment.

The Seventh Circuit Court of Appeals has held that, when the complaint alleges that the officers were acting within the scope of employment and the motion to dismiss based on immunity goes unanswered, as in this case, dismissal of the state law claims is proper. *See Ball*, 760 F.3d at 645 (holding that dismissal is appropriate when the "claim of immunity under the Indiana Tort Claims Act has gone unanswered"). The Court grants the motion to dismiss the state law assault and battery claims in Count IV against Trooper Jim Strong and dismisses the claim without prejudice.

**C.    Marshall County Defendants**

**1.    Race Discrimination under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 (Count I)**

In Count I, Plaintiffs allege race discrimination under 42 U.S.C. § 1981 and under 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments. Because "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors," the Court addresses Plaintiffs' race discrimination claims against the Marshall County Defendants under § 1983. *See Campbell*, 752 F.3d at 671. As Defendants note, the Fifth Amendment is inapplicable in this litigation against local and state officers. *See Dusenberry v. United States*, 534 U.S. 161, 167 (2002).

The Marshall County Defendants (and, as noted above, State Trooper Jim Strong) argue that Plaintiffs have failed to state a claim of race discrimination. Plaintiffs offer no response in support of this claim. "The Equal Protection Clause grants all Americans 'the right to be free from invidious discrimination in statutory classifications and other governmental activity.'" *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quoting *Harris v. McRae*, 448 U.S. 297, 322 (1980)). A plaintiff may seek relief under § 1983 for a violation of the Equal Protection Clause by a state actor. *Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996). To

state a claim of discrimination under the Equal Protection Clause, a plaintiff must show that he is a member of a protected class and that he was purposefully treated differently from members of the unprotected class. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (citing *Washington v. Davis*, 426 U.S. 229, 239–42 (1976)). The plaintiff must also allege that the defendant was "motivated by a discriminatory purpose." *Chavez v. Ill. State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001).

Thus, to state a claim for race-based discrimination under § 1983, Plaintiffs must allege that the officers discriminated against Rahul Palta on September 14, 2017, because of his race. The Marshall County Defendants and Trooper Strong argue that the only relevant allegations are that Rahul Palta is of South Asian descent and that his "race and skin color were motivating factors in the decisions to use excessive force." Am. Compl. ¶¶ 35, 37. Although Rahul Palta is a member of a protected class based on his race, Plaintiffs have not alleged any facts to suggest that the officers were motivated by racial animus. The conclusory allegation regarding motivation is speculation and insufficient to plausibly suggest that the officers were motivated by Rahul Palta's race. *Compare Casimir v. City of Chicago*, No. 15 C 3771, 2018 WL 1695362, at *7–8 (N.D. Ill. Apr. 6, 2018) (finding that the alleged details of the complaint were sufficient to state a clam, including that the plaintiffs were walking in a predominantly white neighborhood, that one of the plaintiffs testified at the administrative hearing that African Americans were not welcome in the neighborhood, that police stopped the plaintiffs several times and harassed them on other occasions, that the mayor's Police Accountability Task Force indicates that 72% of the 250,000 people stopped during the summer of 2014 were African American, and that a USDOJ report described a code of silence in the Chicago Police Department), *with Johnson v. Vill. of Bellwood*, No. 09C5511, 2010 WL 2653335, at *2 (N.D. Ill. July 1, 2010) (finding that an

allegation that the plaintiff's arrest "was motivated by race" was insufficient to meet the plausibility standard of *Iqbal*, noting that a plaintiff "cannot raise a claim based on pure speculation, hoping later to find some basis for the claim in discovery"). Accordingly, the Court grants the motion and dismisses without prejudice Plaintiffs' race discrimination claim in Count I as to the Marshall County Defendants.

**2.      Substantive Due Process under § 1983 for Race Discrimination and Excessive Force (Count II)**

The Marshall County Defendants move to dismiss the substantive due process claims in Count II on the basis that the Fourth and Fourteenth Amendments provide an explicit textual source of constitutional protection for the claims of excessive force and race discrimination. "[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular source of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [those] claims." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 (1998) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, CJ)). The State Defendants join in this analysis. ECF No. 47, p. 3. Plaintiffs offer no response in support of their substantive due process claims.

As to the excessive force claim, Count II alleges that the officers "violated Rahul Palta's right to bodily integrity and freedom from unreasonable bodily intrusion in a manner so egregious, that it may fairly be said to shock the conscience." Am. Compl. ¶ 45. However, Count III alleges a claim of excessive force under the Fourth Amendment. In *Graham v. Connor*, the Supreme Court held that "all claims that law enforcement officers have used excessive force— deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than

under a 'substantive due process' approach." 490 U.S. 386, 395 (1989); *see also Lester v. City of Chicago*, 830 F.2d 706, 710 (7th Cir. 1987).

As to the race discrimination claim, Count II alleges that Rahul Palta "had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws." Am. Compl. ¶ 46. However, this statement does not allege a substantive due process violation but rather race discrimination, which Plaintiffs already allege as an equal protection violation in Count I. *See Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013) ("The Equal Protection Clause of the Fourteenth Amendment protects individuals from governmental discrimination."); *see also Albritton v. Vill. of Dolton*, No. 10 C 7581, 2011 WL 4501418, at *5–6 (N.D. Ill. Sept. 28, 2011) (dismissing a substantive due process claim that the plaintiffs had not shown to be distinct from their Fourteenth Amendment equal protection claim).

Accordingly, the Court grants both motions on this issue and dismisses with prejudice the substantive due process claims brought in Count II against all Defendants.

### 3.      State Law Assault and Battery (Counts IV and V)

In Count IV, Plaintiffs allege state law claims of assault and battery against the individual officers, and, in Count V, Plaintiffs allege a claim of respondeat superior/vicarious liability against the Marshall County Sheriff's Department for the alleged assault and battery. The Marshall County Defendants seek dismissal of the claims, arguing that the officers are immune

because they were acting within the scope of their employment and that Plaintiffs failed to timely file a tort claims notice under the ITCA.

### a.    Officer Defendants (Count IV)

Like Trooper Strong, the Marshall County Sheriff deputies argue that they cannot be sued in their personal capacities for the state law claims of assault and battery in Count IV in light of Indiana Code § 34-13-3-5(b). *See Bushong*, 790 N.E.2d at 471. Plaintiffs again offer no response to this argument. As explained in Part B.2 above, when the complaint alleges that the officers were acting within the scope of employment, as the amended complaint does here for each officer, Am. Compl. ¶¶ 9–12, 32, 55, 61, and the motion to dismiss based on immunity goes unanswered by Plaintiffs, dismissal of the state law claims is proper. *See Ball*, 760 F.3d at 645 (holding that dismissal is appropriate when the "claim of immunity under the Indiana Tort Claims Act has gone unanswered"). Accordingly, the Court grants the motion and dismisses without prejudice the state law claims of assault and battery in Count IV against Marshall County Sheriff deputies Jonathan Bryant, Nick Laffoon, Joe Giordano, and Anthony Bragg.

### b.    Marshall County Sheriff's Department (Count V)

The Marshall County Defendants argue that Plaintiffs failed to comply with the 180-day notice requirement of the ITCA, barring the state law claims against both the officers and the Marshall County Sherriff's Department. Under the ITCA, "a claim against a political subdivision is barred unless notice is filed with . . . (1) the governing body of the political subdivision; and (2) the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8(a). Plaintiffs respond that the alleged

failure to timely serve notice under the ITCA is an affirmative defense that is improperly before the Court on this 12(b)(6) motion to dismiss.

The failure to serve notice under the ITCA is an affirmative defense. *Brown v. Alexander*, 876 N.E.2d 376, 283–84 (Ind. Ct. App. 2007). And, a complaint need not anticipate an affirmative defense to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 u.S. 635, 640 (1980)). Plaintiffs argue that the allegations of the amended complaint, which the Court must take as true at this stage of the litigation, are that Rahul Palta is under an incapacity and that the ITCA filing requirements are tolled by Rahul Palta's ongoing mental illness. *See* Am. Compl. ¶¶ 16, 17, 28. Despite the allegation in paragraph 28 of the amended complaint that Rahul Palta's mental illness is the basis for tolling the ITCA filing requirements, the Marshall County Defendants fail to address the tolling issue is in their motion to dismiss. Moreover, the amended complaint does not allege the date that Plaintiffs submitted their ITCA notice.

Accordingly, the Court denies the motion to dismiss Count V for respondeat superior/vicarious liability against the Marshall County Sheriff's Department. This ruling does not preclude the Marshall County Defendants from later raising this affirmative defense.[3]

### 4.     *Monell* Liability—Marshall County Sheriff's Department (Count VI)

In Count VI, Plaintiffs bring a claim of municipal liability against the Marshall County Sheriff's Department. This claim fails because the amended complaint does not allege any plausible basis upon which the Marshall County Sheriff's Department could be held liable for the

---

[3] "[W]hen a plaintiff fails to give the required notice, the defendant has an affirmative defense which must be raised in a responsive pleading to the plaintiff's complaint." *Davidson v. Perron*, 716 N.E.2d 23, 34 (Ind. Ct. App. 1999) (citing *Thompson v. City of Aurora*, 325 N.E.2d 839, 843 (Ind. 1975)). "Once the defendant raises the failure to comply with the ITCA's notice requirements as an affirmative defense, the burden shifts to the plaintiff to prove compliance." *Id*. (citing *Thompson*, 325 N.E.2d at 843). Thus, Plaintiffs will have the burden of proving compliance on summary judgment.

alleged excessive force claim against its officers. Section 1983 does not impose vicarious liability against municipalities. *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). "Plaintiffs who seek to impose liability on local governments under § 1983 must [allege] that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). For a municipality to be liable under § 1983 for a failure to train, the "failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)) (internal alteration omitted).

Here, Plaintiffs make only conclusory, boilerplate allegations that "policymakers . . . established policies, procedures, customs, and/or practices," that the Marshall County Sheriff's Department developed and maintained policies and procedures that were "moving forces" behind the violations of Rahul Palta's constitutional rights, that the Marshall County Sheriff's Department created an atmosphere of lawlessness, and that the Marshall County Sheriff's Department failed to train its officers. Am. Compl. ¶¶ 72–76. The amended complaint supplies no factual allegations to make these claims plausible. And, Plaintiffs offer no response in support of this *Monell* claim. Therefore, the Court grants the motion and dismisses without prejudice the *Monell* claim in Count VI against the Marshall County Sheriff's Department.

## IV.  CONCLUSION

The Court GRANTS in part and DENIES in part the Marshall County Defendants' partial motion to dismiss Counts I, II, IV, V, and VI [DE 38] and GRANTS in part and DENIES in part the State Defendants' motion to dismiss [DE 46].

The Court ORDERS:

(1) the substantive due process claim in Count II is dismissed with prejudice as to all Defendants;

(2) the federal constitutional claims in Counts I, II, III, and VI against the Indiana State Police and Jim Strong in his official capacity are dismissed with prejudice, except that any § 1983 claim for injunctive relief is dismissed without prejudice, and Defendant Indiana State Police is dismissed from the litigation;

(2) the state law assault and battery claims in Counts IV and V against the Indiana State Police and Jim Strong in his official capacity are dismissed without prejudice;

(3) the federal constitutional race discrimination claim in Count I and the state law assault and battery claims in Count IV against Jim Strong individually are dismissed without prejudice;

(4) the federal constitutional race discrimination claim in Count I and the state law assault and battery claims in Count IV against Jonathan Bryant, Nick Laffoon, Joe Giordano, and Anthony Bragg in their individual capacities are dismissed without prejudice; and

(5) the federal constitutional race discrimination claim in Count I and the *Monell* liability claim in Count VI against the Marshall County Sheriff's Department are dismissed without prejudice.

The claims remaining for trial are (1) the excessive force claim in Count III brought under the Fourth Amendment pursuant to § 1983 against Jonathan Bryant, Nick Laffoon, Joe Giordano, Anthony Bragg, and Jim Strong in their individual capacities, and (2) the claim in Count V for respondeat superior/vicarious liability against the Marshall County Sheriff's Department for the Indiana state law assault and battery claims.

SO ORDERED.

ENTERED:  September 18, 2019

       /s/ JON E. DEGUILIO
Judge
United States District Court